Prob 12C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**SUPERSEDING PETITION FOR WARRANT OR SUMMONS FOR**
**OFFENDER UNDER SUPERVISION**

| | |
|---|---|
| **Offender Name:** | Arnando VILLAFAN |
| **Docket Number:** | 2:03CR00042-08 |
| **Offender Address:** | Vallejo, California |
| **Judicial Officer:** | Honorable Frank C. Damrell, Jr.<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 05/23/2005 |
| **Original Offense:** | 18 USC 1962(d) - Conspiring to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity (CLASS C FELONY) |
| **Original Sentence:** | 52 months custody Bureau of Prisons; 36 month term of supervised release; $100 special assessment. |
| **Special Conditions:** | Search and seizure; Drug and alcohol treatment; Drug and alcohol testing; Aftercare co-payment; DNA collection. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Recommenced:** | 04/18/2008 |
| **Assistant U.S. Attorney:** | R. Steven Lapham   **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Jan Karowsky   **Telephone:** (916) 447-1134 |

**Other Court Action:**

**10/10/2007:**   Prob12C filed with the Court alleging several technical violations.

**11/19/2007:**   Sentenced to 6 months Bureau of Prisons; 30 month term of supervised release.  Special conditions to include: Warrantless search and seizure; Drug and

**RE:   Arnando VILLAFAN**
**     Docket Number:  2:03CR00042-08**
**     SUPERSEDING PETITION FOR WARRANT OR SUMMONS**
**     FOR OFFENDER UNDER SUPERVISION**

alcohol treatment; Drug and alcohol testing; Aftercare co-payment.

---

## PETITIONING THE COURT

**( X )   To take notice of this superseding petition and keep the previously ordered warrant intact.**

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**     **FAILURE TO COMPLY WITH DRUG TESTING**

On June 28, July 2, July 7, July 17, July 23 and August 19, 2008, the offender submitted urine samples which were either diluted or invalid.  This is in violation of Special Condition Number 3 which states: The defendant shall participate in a program of testing, i.e., breath, urine, sweat patch, etc., to determine if he has reverted to the use of drugs or alcohol.

**Charge 2:**     **USE OF A CONTROLLED SUBSTANCE**

On September 16, 2008, the offender submitted a urine sample which tested positive for morphine.  This is in violation of the general condition of supervision which states: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

**RE:    Arnando VILLAFAN**
**Docket Number:  2:03CR00042-08**
**SUPERSEDING PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

**Charge 3:          USE OF A CONTROLLED SUBSTANCE**

On October 18, 2008, the offender submitted a urine sample which tested positive for cocaine benzoylecgonine. This is in violation of the general condition of supervision which states: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

**Justification:**   The offender has already been returned to custody on a previous violation for technical violations.  His invalid and diluted urine samples are apparently an attempt to circumvent the testing process.  This time, however, the offender has tested positive for morphine on September 16, 2008, and cocaine on October 18, 2008.  Although the offender did not take responsibility for the positive test for morphine, nor did he mention taking any medications to the tester which would explain the presence of morphine,  he did take responsibility for the positive test for cocaine.  It should be noted, however, that in regards to the positive test for morphine, that the offender has a history of heroin addiction and was withdrawing from heroin when he was arrested in the instant offense.

**Bail/Detention:**   Although this petition does not allege possession of a controlled substance, the Court has discretion to find that "use" constitutes "possession." Regardless, it can now be ascertained that the offender is using at least two different controlled substances and is putting a lot of energy into attempts to circumvent the testing regimen. His drug use, in addition to his poor judgment, makes him a danger to the community. Consequently, this officer is requesting detention.  It appears that the offender, whose release is pending sentence or appeal, is  restricted under 18 USC 3143.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:    November 12, 2008
                    Sacramento, California
                    MMF/cp

Rev.  06/2007
VIOLATION__PETITION
(PROB12C-TSR) (ND).MRG

**RE:** Arnando VILLAFAN
Docket Number:  2:03CR00042-08
**SUPERSEDING PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

Respectfully submitted,

/s/Matthew M. Faubert
**MATTHEW M. FAUBERT**
**Senior United States Probation Officer**
Telephone:  (916) 930-4308

**REVIEWED BY**:    /s/Kyriacos M. Simonidis
**KYRIACOS M. SIMONIDIS**
**Supervising United States Probation Officer**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

( )   The issuance of a warrant       ( )   Bail set at $ __        ( )   No Bail

( )   The issuance of a summons (copy to Defense Counsel).

(X)   Other: To take notice of this superseding petition and keep the previously ordered warrant intact.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

( )   Defendant is ordered detained, to be brought before District Judge forthwith.

(X)   Initial appearance and detention hearing before Magistrate Judge.

November 13, 2008
**Date**                                                    **Signature of Judicial Officer**

cc:   United States Probation
      R. Steven Lapham, Assistant United States Attorney
      Jan Karowsky, Defense Counsel

## STATEMENT OF EVIDENCE OF ALLEGED
## SUPERVISED RELEASE VIOLATIONS

Honorable Frank C. Damrell, Jr.
United States District Judge
Sacramento, California

                                          **RE:   Arnando VILLAFAN**
                                            **Docket Number:   2:03CR00042-08**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:   FAILURE TO COMPLY WITH DRUG TESTING**

    **A.   Evidence:**

        (1)   Kroll Laboratories' Chain of Custody documents and laboratory results for June 28, July 2, July 7, July 17, July 23 and August 19, 2008. These documents will show the defendant submitted urine samples which were either invalid or diluted.

    **B.   Witnesses:**

        (1)   Jim Thrower, a counselor hired by Barrie Lamonte, our contract vendor, can testify to the collection of urine handling procedures.

**Charge 2:   USE OF A CONTROLLED SUBSTANCE**

    **A.   Evidence:**

        (1)   Kroll Laboratories' Chain of Custody documents and laboratory results for the September 16, 2008, urine sample taken from the offender. This document will show the offender submitted a urine sample which tested positive for the presence of morphine on the aforementioned date.

RE:   Arnando VILLAFAN
      Docket Number:   2:03CR00042-08
      **STATEMENT OF EVIDENCE**

      B.   Witnesses:

          (1)  Jim Thrower, a counselor hired by Barrie Lamonte, our contract vendor, can testify to the collection of urine handling procedures.

**Charge 3:**   USE OF A CONTROLLED SUBSTANCE

      A.   Evidence:

          (1)  Kroll Laboratories' Chain of Custody documents and laboratory results for the October 18, 2008, urine sample taken from the offender. This document will show the offender submitted a urine sample which tested positive for the presence of cocaine benzoylecgonine on the aforementioned date.

      B.   Witnesses:

          (1)  Jim Thrower, a counselor hired by Barrie Lamonte, our contract vendor, can testify to the collection of urine handling procedures.

Respectfully submitted,

/s/Matthew M. Faubert
**MATTHEW M. FAUBERT**
**United States Probation Officer**

DATED:   November 12, 2008
         Sacramento, California
         MMF/cp

**REVIEWED BY**:   /s/Kyriacos M. Simonidis
                    **KYRIACOS M. SIMONIDIS**
                    **Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**  Arnando VILLAFAN                    **Docket Number:**  2:03CR00042-08

**Date of original offense:**  05/23/2005

**Original term of supervised release imposed:**  3 **years.**

**Highest grade of violation alleged:**          C

**Criminal History Category of offender:**       IV

**Chapter 7 range of imprisonment:**  6 **to** 12 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

   __    **Class A felony - 5 years (or stat max of __ years if longer).**
   __    **Class B felony - 3 years**
  _X_    **Class C and/or D felony - 2 years (less 6 months for time served on previous revocation)**
   __    **Class E felony and misdemeanors:  1 year**

**Violation requires mandatory revocation:  YES:** __ **NO:** _X_.

**Original offense committed after 09/13/94:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

### MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

November 12, 2008
MMF/cp